[No. B228748. Second Dist., Div. Three. Apr. 20, 2011.]

SHAWNA DOE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ELIZABETH LUSTER, Real Party in Interest.

COUNSEL

Resch Polster & Berger, Michael C. Baum and Sandra Khalili for Petitioner.

No appearance for Respondent.

Law Offices of Daniel B. Spitzer and Daniel B. Spitzer for Real Party in Interest.

OPINION

**CROSKEY, J.**—Petitioner Shawna Doe filed a petition for writ of mandate to challenge the trial court's ruling that, although she was permitted to pursue her action under a fictitious name, she was required to provide verifications signed in her true name in connection with discovery responses. We agree with petitioner that, under the circumstances, she may submit verifications with her fictitious name. We therefore grant the writ petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Shawna Doe was raped by Andrew Luster,[1] after he rendered her unconscious by the surreptitious administration of gamma hydroxyl butyrate (GHB).[2] In January 2003, Andrew Luster was convicted of over 80 counts of sex crimes, against Doe and other victims, and sentenced to 124 years in prison. In September 2003, Doe obtained a civil judgment against Andrew Luster, for sexual battery, for $19 million. Andrew Luster subsequently filed bankruptcy; Doe, however, obtained a ruling that her judgment was not dischargeable.

Doe came to believe that Andrew Luster, who was an heir to the Max Factor fortune, had transferred assets to his mother, Elizabeth Luster, in order to avoid paying Doe's judgment against him. On September 3, 2009, Doe filed the instant action against Elizabeth Luster (as trustee for the Elizabeth S. Luster Trust and other trusts); Luster Investments, L.P.; and Andrew Luster. She alleged a single cause of action for fraudulent transfers. Doe filed her complaint under a fictitious name in order to preserve her anonymity as one of Andrew Luster's rape victims. Both Andrew Luster and Elizabeth Luster

---

[1] Real party in interest in this case is Elizabeth Luster, Andrew Luster's mother. In Elizabeth Luster's briefs, she repeatedly refers to Doe as an "alleged rape victim." The fact that Andrew Luster raped Doe has been established beyond a reasonable doubt in a court of law. While we can understand a mother's continued desire to believe in her son's innocence, referring to Doe as an "alleged" rape victim is offensive both to Doe herself, and the court system which convicted Andrew Luster.

[2] Andrew Luster made a videotape of his attack on the unconscious Doe, which he labeled "Shawna GHBing." In Andrew Luster's criminal trial, the tape was ordered permanently sealed. During his trial, Andrew Luster fled the courtroom; he took the videotape with him. Elizabeth Luster then gave the videotape to CBS, which subsequently broadcast the tape on national television. Doe sued Elizabeth Luster for her disclosure of the tape, contending the disclosure was intentional; Elizabeth Luster took the position that when she gave a box of videotapes to CBS, she did not know the rape video was among them. Elizabeth Luster's motion to strike Doe's complaint under Code of Civil Procedure section 425.16 was denied; the denial was affirmed on appeal. (*Doe v. Luster* (July 25, 2007, B184508) [nonpub. opn.].) The record does not indicate the ultimate disposition of the action.

moved to strike portions of Doe's complaint for, among other things, the use of a fictitious name in the absence of a prior court order. The trial court denied these motions.

Elizabeth Luster then proceeded to propound discovery requests to Doe, consisting of form interrogatories, special interrogatories, requests for admission, and demands for production of documents. Doe's responses to the discovery requests consisted largely of objections; some of Doe's objections (in response to interrogatories seeking her name and other personal information) raised her right of privacy. Verifications were not provided with any of her discovery responses.

The parties (and their respective attorneys) disagree on the subsequent course of events—each side blaming the other regarding aborted attempts to meet and confer, and disputing whether certain extensions were granted. Ultimately, Doe supplemented some of her discovery responses and provided verifications *signed in the name of Shawna Doe*. Elizabeth Luster filed motions to compel further responses to each of her discovery requests, and sought sanctions.

The motions to compel were granted in part and denied in part, with the trial court ordering Doe to supplement some, but not all, of the discovery responses at issue. Specifically, the trial court did not compel Doe to respond to discovery requests seeking her personal information. In all cases, however, Doe was ordered to provide verifications signed in her true name.[3] Although the trial court did not specifically explain its reasoning, it stated, "I allowed you to sue as a Doe. I understand the problems, but now we're talking about verification. She must answer and put her name." The trial court agreed that a protective order would issue with respect to the verifications, and directed Doe's counsel to prepare a draft protective order. Sanctions, in the total amount of $4,200, specifically allocated among the four motions to compel, were imposed against Doe and her counsel.

Doe filed a petition for writ of mandate challenging *only* (1) that part of the trial court's discovery order that required her to provide verifications in her true name; and (2) the order imposing sanctions, to the extent it was based on

---

[3] Doe states that the minute order reflecting the trial court's order is in error in that the minute order states that the motion to compel further responses to form interrogatories was "granted, in part," when she was not, in fact, ordered to provide further responses to the form interrogatories. However, Doe was required to provide a personal verification for her responses to the form interrogatories; the minute order was therefore not erroneous.

Doe's failure to provide verifications in her true name. We stayed the discovery order and issued an order to show cause. We now grant the petition.

## *DISCUSSION*

"Extraordinary review of a discovery order will be granted when a ruling threatens immediate harm, such as loss of a privilege against disclosure, for which there is no other adequate remedy. [Citation.] ' "We review discovery orders under the abuse of discretion standard, and where the petitioner seeks relief from a discovery order that may undermine a privilege, we review the trial court's order by way of extraordinary writ. [Citation.]" ' [Citation.]" (*Zurich American Ins. Co. v. Superior Court* (2007) 155 Cal.App.4th 1485, 1493 [66 Cal.Rptr.3d 833].)

The precise issue of whether a plaintiff proceeding under a fictitious name must execute a verification in his or her own name was recently[4] resolved in *Doe v. Lincoln Unified School Dist.* (2010) 188 Cal.App.4th 758 [115 Cal.Rptr.3d 191]. There, the plaintiff filed a petition for writ of mandate in the trial court, and verified the petition using her fictitious name. When this was challenged in the Court of Appeal, the court stated, "Defendants contend a petition for writ of mandate must nevertheless be verified. Implicitly, they argue a petition verified using a fictitious name, as here, is not in fact verified. We disagree. For purposes of this litigation, plaintiff is using the name Jane Doe. Thus, for purposes of this litigation, plaintiff's verification of the petition using the name Jane Doe is appropriate. Any other rule would render the ability to use a fictitious name in the litigation meaningless." (*Id.* at p. 767.) We are in accord with this reasoning.

██ Elizabeth Luster argues that Doe's true name must be supplied on the verifications under Code of Civil Procedure section 2015.5, which allows declarations under penalty of perjury when "subscribed" by the party or witness. " 'Subscribe' means 'to sign *with one's own hand.*' " (*In re Marriage of Reese & Guy* (1999) 73 Cal.App.4th 1214, 1222 [87 Cal.Rptr.2d 339].) There is no particular requirement as to the name which must be used. "The whole point of permitting a declaration *under penalty of perjury*, in lieu of a sworn statement, is to help ensure that declarations contain a truthful factual

---

[4] The cited case was filed in August 2010. It predated the briefing on the motions to compel, the hearing on the motions to compel, and the instant writ petition. The parties did not call this dispositive case to the attention of either the trial court or this court.

representation and are made in good faith. [Citation.] 'The oath or declaration must be in such form that criminal sanctions of perjury might apply where material facts so declared to be true, are in fact not true or are not known to be true.' " (*Id.* at p. 1223.) Clearly, when a party, proceeding under a fictitious name, subscribes a verification under that fictitious name, the party will be held to that declaration and cannot subsequently disclaim it on the basis that the name on the verification is not the party's true legal name.

Elizabeth Luster also suggests that it is necessary to have Doe's true name on the verifications in order to enable her to enforce any award of sanctions ordered in connection with the discovery, or any subsequent cost award. While it may be necessary for Doe's identity to be revealed if she subsequently fails to comply with an order for sanctions or costs, that is an issue to be addressed at that time; it does not justify abrogating Doe's anonymity in connection with discovery verifications.

■   We therefore conclude that the trial court erred in requiring Doe to provide verifications in her own name. We now turn to the issue of sanctions. Having reviewed the trial court record, it is apparent that the $1,000 sanction award ordered in connection with the motion to compel further responses to form interrogatories was ordered solely for the failure to verify the responses in Doe's true name, as the verification was the only manner in which the trial court deemed Doe's responses to be deficient.[5] This award cannot stand. As to the remaining sanctions orders ($1,200 in connection with the special interrogatories, $1,000 in connection with the requests for admission, and $1,000 in connection with the demand for document production), the trial court indicated that the sanctions were awarded in the amounts set forth because Elizabeth Luster was partially successful on each motion. In other words, the court imposed sanctions because it concluded that some, but not all, of the positions Doe had taken were without substantial justification. (Code Civ. Proc., § 2023.010, subd. (h).) It is not clear from the record as to how much, if any, of each of these three sanction awards was attributable to Doe's failure to provide verifications in her name.[6] Thus, we remand the matter for reconsideration of these sanctions awards, given our determination that Doe need not provide verifications signed with her true name.

---

[5] At oral argument, counsel for Elizabeth Luster suggested that the sanctions ordered in connection with the form interrogatories were ordered against Doe's counsel *alone*, for continuing to argue after the court had ruled, not against counsel and Doe herself. In fact, the trial court stated, "This is against counsel. You're counsel. This is against the client and the counsel." It is clear from the record that the sanctions were imposed against Doe and her counsel for failing to provide verifications in Doe's true name.

[6] To the extent they were so attributable, of course, they would be improper.

### *DISPOSITION*

The petition for writ of mandate is granted. The matter is remanded to the trial court for further proceedings consistent with this opinion. Doe shall recover her costs in this proceeding.

Klein, P. J., and Kitching, J., concurred.