Filed 6/27/13

*CERTIFIED FOR PUBLICATION*


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| ARMANDA IBARRA et al., | B244824 |
| Petitioners, | (Los Angeles County Super. Ct. No. BC471749) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| WILLIAM TILLMAN, | |
| Real Party in Interest. | |


ORIGINAL PROCEEDINGS in mandate. Ramona G. See, Judge. Petition granted.

Hurrell Cantrall, Thomas C. Hurrell, Melinda Cantrall and Rittu Kumar for Petitioners.

No appearance for Respondent.

Law Offices of Gary S. Casselman and Gary S. Casselman for Real Party in Interest.

William Tillman filed a complaint against several peace officers alleging that guards at the Men's Central Jail in Los Angeles physically mistreated him while he was an inmate there. He sought the production of the guards' official service photographs for use in witness interviews. He filed a motion for disclosure of the photographs as peace officer personnel records. The trial court ordered the photographs to be produced to plaintiff's counsel and imposed conditions on their use.

The officers filed a petition for writ of mandate in this court challenging the order.[1] We share the officers' concern that the order does not adequately protect them from the dangers inherent in the disclosure of their photographs in these circumstances.

We conclude that a peace officer's official service photograph is not a personnel record under Penal Code section 832.8 and therefore is not subject to the requirements of Penal Code section 832.7 and Evidence Code section 1043 when discovery or disclosure is sought. We also conclude that the photographs are not protected by either the right to privacy under the California Constitution (art. I, § 1) or the official information privilege (Evid. Code, § 1040). We conclude further, however, that the trial court abused its discretion by compelling the disclosure of the photographs in these circumstances without more stringent restrictions on their use. We therefore will grant the petition in order to require measures to ensure that the disclosure does not create a threat to the officers' safety and security.

---

[1]    Petitioners are Armanda Ibarra, James Krase, Michael Thurman, Lance Moorman and Engelbart Perez (collectively Petitioners).

2

## FACTUAL AND PROCEDURAL BACKGROUND

Tillman filed a complaint against Sheriff Lee Baca and others in December 2011 alleging that employees of the Sheriff's Department at the Men's Central Jail had beaten him severely on March 25, 2011, after accusing him of bad-mouthing them behind their backs. He alleges in his first amended complaint filed in June 2012 that a sheriff's deputy ordered him to face a cement wall and then slammed his face against the wall, rendering him unconscious. He alleges that when he regained consciousness he was handcuffed behind his back and the deputy was mounted on his back holding him down while punching the side of his face and striking the back of Tillman's head with his fist. Tillman alleges that a second deputy kicked him in the ribs and pepper sprayed him in the face while the first deputy held him down. He alleges that a custody assistant then shot him three times in the back with a stun gun.

Tillman alleges that he was hospitalized for two days as a result and suffered a large laceration to his forehead, bruises, sore ribs and continued headaches. He alleges that the two deputy sheriffs and other officers prepared false reports of the incident claiming that he had attacked them. He alleges counts for (1) battery, against four deputy sheriffs and a custody assistant; (2) interference with his enjoyment of civil rights (Civ. Code, § 52.1), against the same defendants; (3) negligence, against the same defendants; and (4) negligence, against Sheriff Baca, Assistant Sheriff Paul Tanaka and Alexander R. Yim as Chief of the Correctional Services Division of the Sheriff's Department.

3

Tillman filed a Motion for Disclosure of Peace Officer Personnel Records in July 2012 seeking the disclosure of 15 categories of documents relating to the incident and other accusations of misconduct. One of the categories was "An official *current* service photograph identifying each officer." He sought the photographs for use in witness interviews and argued that there was good cause for the disclosure as required by Evidence Code section 1043, subdivision (b)(3). Petitioners opposed the motion arguing that the requested documents were peace officer personnel records under Penal Code section 832.8 and were protected by their constitutional right to privacy and the official information privilege, and that Tillman had failed to show good cause for the disclosure.

The trial court found that Tillman had established a plausible factual foundation for the alleged officer misconduct and conducted an in camera inspection of documents. On October 24, 2012, the court granted the motion in part and denied it in part, and ordered the sheriff to produce a photograph of each of the officers to plaintiff's counsel within five court days. The court ordered plaintiff's counsel to maintain possession of the photographs and not to provide them to anyone not involved in this litigation.

Petitioners filed a petition for a writ of mandate in this court on October 30, 2012, challenging the order to produce their service photographs to plaintiff's counsel. We issued a temporary stay and an order to show cause.

### *CONTENTIONS*

Petitioners contend (1) the photographs are peace officer personnel records as defined in Penal Code section 832.8, and Tillman failed to show good cause for

4

disclosure as required under Evidence Code section 1043; (2) the photographs are

protected by their constitutional right to privacy; and (3) the photographs are protected

by the official information privilege.

## *DISCUSSION*

1. *Standard of Review*

We review an order compelling discovery for abuse of discretion. (*Crab

Addison, Inc. v. Superior Court* (2008) 169 Cal.App.4th 958, 965.) Interlocutory review

of a discovery order on a petition for writ of mandate is appropriate if the ruling

threatens immediate harm for which there is no other adequate remedy, as here. (*Doe v.

Superior Court* (2011) 194 Cal.App.4th 750, 754.)

An abuse of discretion is shown if there is no substantial basis for the trial court's

ruling or the court applied an incorrect legal standard. (*People ex rel. Lockyer v.

Superior Court* (2004) 122 Cal.App.4th 1060, 1071.) We review the ruling de novo to

the extent that it involves statutory interpretation or any other legal question. (*Ibid.*)

2. *The Service Photographs Are Not Peace Officer Personnel Records*

a. *Peace Officer Personnel Records Defined*

Peace officer personnel records and information obtained from those records are

confidential and can be disclosed in a criminal or civil proceeding only under specified

discovery procedures. (Pen. Code, § 832.7, subd. (a).) Evidence Code section 1043

requires a noticed motion and a showing of good cause for the disclosure.

Penal Code section 832.8 defines "personnel records" for purposes of

section 832.7 as "any file maintained under that individual's name by his or her

5

employing agency and containing records relating to any of the following:  [¶]

(a) Personal data, including marital status, family members, educational and

employment history, home addresses, or similar information.  [¶]  (b) Medical history.

[¶]  (c) Election of employee benefits.  [¶]  (d) Employee advancement, appraisal, or

discipline.  [¶]  (e) Complaints, or investigations or complaints, concerning an event or

transaction in which he or she participated, or which he or she perceived, and pertaining

to the manner in which he or she performed his or her duties.  [¶]  (f) Any other

information the disclosure of which would constitute an unwarranted invasion of

personal privacy.”

Penal Code sections 832.7 and 832.8 do not make confidential and protect from

disclosure *any and all* information contained in a file maintained by the employing

agency simply because some of the records in that file do relate to one or more of the

items specifically identified in section 832.8.  Instead, sections 832.7 and 832.8 make

confidential and protect from disclosure only the types of information specifically

enumerated in section 832.8.  (*Commission on Peace Officer Standards & Training v.*

*Superior Court* (2007) 42 Cal.4th 278, 293 (*POST*).)

*POST*, *supra*, 42 Cal.4th 278, involved a judgment by the trial court requiring the

Commission on Peace Officer Standards and Training to release to a newspaper reporter

certain information in its database on California peace officers.  The reporter sought the

information in order to investigate the movement of police officers from one department

to another, and particularly those hired by one agency after leaving other agencies

involuntarily.  The court ordered the commission to disclose the name, employing

department and employment dates for all individuals who were newly appointed as peace officers from 1991 through 2001. (*Id.* at pp. 286-287.) The California Supreme Court held that such information was not confidential under Penal Code sections 832.7 and 832.8 simply by virtue of being contained in a file that contains the information specifically identified in section 832.8. (*POST*, *supra*, at p. 293.)

*POST* stated, "We consider it unlikely the Legislature intended to render documents confidential based on their location, rather than their content. . . . [W]e do not believe that the Legislature intended that a public agency be able to shield information from public disclosure simply by placing it in a file that contains the type of information specified in [Penal Code] section 832.8." (*POST*, *supra*, 42 Cal.4th at p. 291.) *POST* concluded, "The categories of information listed in section 832.8 certainly are sufficiently broad to serve the purposes of the legislation and to protect the legitimate privacy interests of peace officers. To extend the statute's protection to information not included within any of the enumerated categories merely because that information is contained in a file that also includes the type of confidential information specified in the statute would serve no legitimate purpose and would lead to arbitrary results. Therefore, we conclude that peace officer personnel records include only the types of information enumerated in section 832.8." (*Id.* at p. 293.)

*POST* also held that the same information did not constitute "[p]ersonal data" under Penal Code section 832.8, subdivision (a), which refers to "[p]ersonal data, including marital status, family members, educational and employment history, home addresses, or similar information." The examples of "personal data" listed in the statute

all involve personal information that is commonly provided by an employee to his or her employer either during the application process or upon employment, as distinguished from information arising out of an officer's employment. (*POST*, *supra*, 42 Cal.4th at p. 294.) In contrast, other subdivisions of section 832.8 address information relating to the officer's current position, including " '(c) Election of employee benefits. [¶] (d) Employee advancement, appraisal, or discipline. [¶] (e) Complaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties.' " (*Id.* at pp. 294-295.) *POST* therefore concluded that subdivision (a) included " 'basic status or identifying information about the employee as he or she came to the job,' " but did not include " 'any information that would be specific to the current job.' " (*Id.* at p. 295.)

*POST* stated further, "We find no indication that the Legislature, in adopting [Penal Code] sections 832.7 and 832.8, was concerned with making confidential the identities of peace officers or the basic fact of their employment. Rather, the legislative concern appears to have been with linking a named officer to the private or sensitive information listed in section 832.8. . . . It seems unlikely that the Legislature contemplated that the identification of an individual as a peace officer, unconnected to any of the information it defined as part of a personnel record, would be rendered confidential by section 832.8." (*POST*, *supra*, 42 Cal.4th at pp. 295-296.)

"The information specifically listed in section 832.8, subdivision (a), is the type of information that is not generally known to persons with whom officers interact in the

8

course of performing their official duties; it is the type of information that, for reasons of officer safety, should not be revealed to perpetrators or witnesses of crimes. On the other hand, an officer's name and employing agency is information that ordinarily is made available, even to a person who is arrested by the officer, in any number of ways—for example, the officer may identify himself or herself, wear a badge with a name or identification number (as is required for uniformed officers by [Penal Code] section 830.10), or sign the police report." (*POST*, *supra*, 42 Cal.4th at p. 296.) "Without a more specific indication in the statute, we hesitate to conclude that the Legislature intended to classify the identity of a public official whose activities are a matter of serious public concern as 'personal data.' " (*Ibid.*) "Had the Legislation intended to prevent the disclosure of officers' identities as such, an obvious solution would have been to list 'name' as an item of '[p]ersonal data' under subdivision (a) of section 832.8. [Citations.]" (*Id.* at p. 298.)

POST did not address the question whether the information there at issue fell within Penal Code section 832.8, subdivision (f), which refers to "[a]ny other information the disclosure of which would constitute an unwarranted invasion of personal privacy." But *POST* addressed similar language in Government Code section 6254, subdivision (c), which exempts from disclosure under the California Public Records Act (Gov. Code, § 6250 et seq.) "[p]ersonnel, medical, or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy." *POST* stated that assuming arguendo that the records at issue constituted "[p]ersonnel . . . or similar files" under the statute, the determination whether any

9

invasion of personal privacy was "unwarranted" required a balancing analysis. (*POST*, *supra*, 42 Cal.4th at p. 299.)

Applying a balancing analysis, *POST* stated that the public has a substantial interest in the qualifications and conduct of peace officers, while a peace officer typically has no substantial interest in maintaining the confidentiality of his or her identity or the fact of his or her employment as a peace officer. (*POST*, *supra*, 42 Cal.4th at pp. 300-301.) *POST* stated, "We find no well-established social norm that recognizes a need to protect the identity of all police officers. Peace officers operate in the public realm on a daily basis, and identify themselves to the members of the public with whom they deal. Indeed, uniformed peace officers are required to wear a badge or nameplate with the officer's name or identification number. ([Pen. Code,] § 830.10.)" (*Id.* at p. 301.) *POST* noted an exception for circumstances where "the duties of a particular officer, such as one who is operating undercover, demand anonymity" (*id.* at p. 301), but stated that the contention that the safety of peace officers in general would be threatened by the disclosure of the requested information, including their names, was "purely speculative." (*Id.* at p. 302.) *POST* therefore concluded that the privacy and safety interests of peace officers in general did not outweigh the public's interest in the disclosure of the requested information. (*Id.* at p. 303.)

b. *The Photographs Are Not "Personal Data"*

Tillman seeks the disclosure of "[a]n official *current* service photograph identifying each officer." Penal Code section 832.8 does not expressly mention an officer's photograph. The mere fact that such photographs are contained in files

10

maintained by the employing agency does not render them confidential or protected under Penal Code sections 832.7 and 832.8. (*POST*, *supra*, 42 Cal.4th at p. 293.) Instead, the photographs constitute peace officer personnel records only if they fall within one of the types of information enumerated in section 832.8. (*Ibid.*)

The requested photographs do not constitute "personal data" under Penal Code section 832.8, subdivision (a) because an official, current service photograph arises from the officer's current employment and is not the type of personal information that is commonly provided by an employee to his or her employer during the application process or upon employment as encompassed in subdivision (a), as explained in *POST*, *supra*, 42 Cal.4th at page 294. An official, current service photograph is not the type of " 'basic status or identifying information about the employee as he or she came to the job' " (*id.*, at p. 295) encompassed in subdivision (a). Instead, an official, current service photograph is " 'specific to the current job' " (*ibid.*), however much the photograph may resemble other photographs of the same individual.

Moreover, *POST*'s conclusion that there is no indication that the Legislature intended Penal Code sections 832.7 and 832.8 to make confidential the identities of peace officers with respect to their names also suggests that the same is true with respect to their photographs. The legislative concern was with linking an identified officer to the private or sensitive information listed in section 832.8. (*POST*, *supra*, 42 Cal.4th at p. 295.) Paraphrasing *POST*, *supra*, at pages 295-296, it seems unlikely that the Legislature contemplated that the identification of an individual as a peace officer, whether by his or her name or photograph, unconnected to any of the

11

information enumerated in section 832.8, would be rendered confidential by the statute. Unlike the information listed in section 832.8, subdivision (a), an officer's appearance, as disclosed in an official service photograph, is information that ordinarily is known to persons that the officer comes into contact with. Absent a more specific indication in the statute that the Legislature intended to protect such identifying information from disclosure, we conclude that the Legislature did not intend to classify an official service photograph as "personal data." (Cf. *POST*, *supra*, at p. 296.) If the Legislature had intended to prevent the disclosure of such photographs, an obvious solution would have been to list "photographs" as an item of personal data under section 832.8, subdivision (a). (Cf. *POST*, *supra*, at p. 298.)

      c.     *The Photographs Are Not Otherwise Within the*
                    *Statutory Definition*

The types of information listed in subdivisions (b) through (e) of Penal Code section 832.8 (quoted *ante*) clearly do not encompass the requested photographs. Subdivision (f) refers to "[a]ny other information the disclosure of which would constitute an unwarranted invasion of personal privacy." A peace officer ordinarily has no substantial interest in maintaining the confidentiality of his or her identity or the fact of his or her employment as a peace officer. (*POST*, *supra*, 42 Cal.4th at pp. 300-301.) There is no indication that the officers here either have worked undercover or anticipate working undercover in the future (see *id.* at p. 301), and no reason to believe that the disclosure of their photographs would adversely impact any privacy interest.

3. *The Service Photographs Are Not Protected by the Right to Privacy or the Official Information Privilege*

The right to privacy under the California Constitution (art. I, § 1) protects an individual's reasonable expectation of privacy against a serious invasion. (*Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 360, 370.) "[W]hether a legally recognized privacy interest exists is a question of law, and whether the circumstances give rise to a reasonable expectation of privacy and a serious invasion thereof are mixed questions of law and fact. [Citation.]" (*Ibid.*)

A peace officer whose duties do not require anonymity generally has no substantial interest in maintaining the confidentiality of his identity, as we have stated. (*POST*, *supra*, 42 Cal.4th at pp. 300-301.) Petitioners work in the Men's Central Jail where their identities are known to the inmates. They have not shown that they anticipate working undercover or that their duties now or in the future require anonymity. We therefore conclude that they have shown no legally recognized privacy interest in their service photographs.

The official information privilege protects information acquired in confidence by a public employee in the course of duty and not openly or officially disclosed to the public prior to the assertion of privilege. (Evid. Code, § 1040, subds. (a), (b).) A service photograph does not contain information acquired in confidence by a public employee in the course of duty, and the officer's identities here are open to the public. We therefore conclude that the official information privilege is inapplicable.

13

4.      *The Trial Court Abused its Discretion by Compelling the Disclosure of the Photographs Without Adequate Measures to Protect the Officers' Safety*

A trial court has the authority to supervise discovery in the interests of justice. Code of Civil Procedure section 2031.060, subdivision (b) authorizes a court to issue a protective order, for good cause shown, "to protect any party or other person from unwarranted annoyance, embarrassment, or oppression, or undue burden and expense."

Tillman did not serve a formal inspection demand (Code Civ. Proc., § 2031.030), but instead filed a motion for disclosure of peace officer personnel records under Evidence Code section 1043. In light of our conclusion that the service photographs are not personnel records, Evidence Code section 1043 does not govern their discovery or disclosure. The proper procedure to demand an inspection of the photographs would be to serve an inspection demand under Code of Civil Procedure section 2031.030. The proper procedure to seek protection against the threat to the safety and security of the officers arising from the disclosure of their photographs in these circumstances would be to file a motion for a protective order under Code of Civil Procedure section 2031.060, including the required meet and confer declaration (*id.*, subd. (a)). In the interests of justice and judicial economy, we will deem Tillman's motion for disclosure as a demand for inspection of the photographs and deem Petitioners' opposition to such motion as a motion for a protective order.

In our view, to allow the unmonitored display of Petitioners' photographs throughout the population of inmates at the jail in connection with the allegations against the guards in this case would pose an unreasonable risk of harm to Petitioners.

14

The display of Petitioners' photographs to the inmates, many of whom are violent and dangerous and associate with other violent and dangerous individuals, could generate anger, resentment and attempts at retribution, regardless of whether the allegations against them are true. We believe that the photographs should at all times remain under the control and in the possession of a neutral third party designated by the trial court and under the court's supervision. They should be made available for viewing at the jail, the courthouse or some other secure location, and only by potential witnesses in this matter who are identified by name before viewing the photographs. The photographs should not be copied. These restrictions will afford a measure of protection to Petitioners while allowing Tillman to satisfy his legitimate discovery needs. We conclude that the trial court abused its discretion by compelling the disclosure of the photographs without imposing such limitations.

We also consider it appropriate at this time to require Petitioners' counsel to (1) meet and confer with plaintiff's counsel in an effort to agree to specific terms of a protective order consistent with the views expressed in this opinion, and (2) submit to the trial court a meet and confer declaration as required by Code of Civil Procedure section 2031.060, subdivision (a). In the event that the parties are unable to agree on terms of such protective order, then the trial court shall, as provided in section 2031.060, subdivision (b), prepare and issue such order as is consistent with the requirements specified herein.

*DISPOSITION*

The petition for writ of mandate is granted. Let a peremptory writ of mandate issue directing the trial court to vacate its order of October 24, 2012, as to Petitioners' service photographs and conduct further proceedings consistent with the views expressed in this opinion. Petitioners shall recover their costs in these appellate proceedings.


*CERTIFIED FOR PUBLICATION*


CROSKEY, Acting P. J.

WE CONCUR:


KITCHING, J.


ALDRICH, J.

16