Filed 10/21/13  Progenex Dairy Bioactives v. Zinc Solutions CA 4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PROGENEX DAIRY BIOACTIVES, INC.,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>ZINC SOLUTIONS, INC.,<br><br>    Defendant and Respondent. | G047911<br><br>(Super. Ct. No. 30-2010-00369049)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Jamoa A. Moberly, Judge.  Affirmed.

Beckstrand Law Offices and Dwight Beckstrand for Plaintiff and Appellant.

Gladych & Associates and John A. Gladych for Defendant and Respondent.

\*            \*            \*

Finding no error in the trial court's postjudgment discovery order, we affirm.

This court dismissed appellant Progenex Dairy Bioactives's prior appeal from another postjudgment discovery order because it was based on a nonappealable order. (*Progenex Dairy Bioactives, Inc. v. Zinc Solutions, Inc.* (Mar. 13, 2013, G046384) [nonpub. opn.].) This time around, appellant appeals from another postjudgment discovery order which granted the judgment creditor Zinc Solutions, Inc.'s production of documents pursuant to Code of Civil Procedure section 708.030. Although the court did grant the judgment creditor's motion, it also denied a large portion of the motion and limited what it did grant with regard to both time and scope.

"The judgment creditor may demand that any judgment debtor produce and permit the party making the demand, or someone acting on that party's behalf, to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made . . . if the demand requests information to aid in enforcement of the money judgment." (Code of Civ. Proc., § 708.030, subd. (a).)

"We review an order compelling discovery for abuse of discretion. [Citation.]" (*Ibarra v. Superior Court* (2013) 217 Cal.App.4th 695, 700.) "An abuse of discretion is shown if there is not substantial basis for the trial court's ruling or the court applied an incorrect legal standard. [Citation.]" (*Ibid.*)

Appellant argues respondent "simply wants to go on a fishing expedition." During oral argument, the trial court scrutinized the creditor about its requests. For example, at one point, the court remarked: "Let's look at 15, it is overbroad and it is basically a catchall." We can see from the minute order the court was concerned about limiting its order to matters related to the enforcement of the judgment. For example, in one portion of its order denying a request, the court stated: "The Creditor has not provided any justification for seeking documents going back to Progenex's formation."

2

In another portion of the order granting production of documents, the court stated, "but limited to documents generated in the last five years that identify other bank accounts belonging to the judgment debtor." The order goes on to specifically either deny a request or limit the creditor to recent documents relating to the enforcement of its judgment. Under the circumstances we find in this record, we cannot conclude the court abused its discretion.

The postjudgment discovery order is affirmed. Zinc shall recover costs on appeal.

MOORE, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

ARONSON, J.