[No. A058812. First Dist., Div. Three. Oct. 9, 1992.]

HARDING LAWSON ASSOCIATES et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
PAMELA BAILEY, Real Party in Interest.

**COUNSEL**

Sedgwick, Detert, Moran & Arnold, Cynthia H. Plevin, Frank P. Sarro and Teresa L. Stinson for Petitioners.

No appearance for Respondent.

Holmes & Lea and Samuel Holmes for Real Party in Interest.

**OPINION**

**MERRILL, Acting P. J.**—Petitioners challenge a discovery order requiring production of numerous documents, some from personnel files of petitioners' employees. We conclude that the order is too broad and unjustifiably intrudes into privacy rights of employees. We direct the issuance of a writ of mandate.

The action below was brought by real party in interest Pamela Bailey, who contends that petitioners Harding Lawson Associates and Harding Associates, Inc. (Harding Lawson, hereafter) wrongfully discharged her from employment. She claims that she was reassigned and then discharged because she refused to insert false and misleading information in bid documents she prepared for Harding Lawson and because she complained about being pressured to do so. Bailey asserts that Harding Lawson falsely represented that economic circumstances compelled her discharge, when in fact Harding Lawson retained and gave pay raises to less skilled and less experienced employees trained by Bailey.

In addition to deposing various Harding Lawson employees, Bailey submitted four document requests, asking Harding Lawson to produce documents in at least 120 categories. Harding Lawson objected to many of the requests. On Bailey's motion, the court ordered production of most of the documents in the 56 disputed categories. In three cases, the court's order restricted disclosure to "plaintiff's counsel's eyes only until further order" of the court.

This petition followed. We issued a stay of the discovery order and sought opposition. We now address Harding Lawson's contentions.

Harding Lawson challenges the discovery order insofar as it compels production of "(1) personnel records and files of employees other than plaintiff, and (2) government bids, proposals and related documents." Addressing the first category, Harding Lawson contends that the court erred in ordering production of private personnel files of employees other than Bailey without making a finding of a compelling need for the disclosure. As to the second category, Harding Lawson contends that federal law prevents disclosure of the documents related to government bids.

*Personnel Records*

Bailey and Harding Lawson both cite *Board of Trustees* v. *Superior Court* (1981) 119 Cal.App.3d 516 [174 Cal.Rptr. 160], for its discussion of

the law governing disclosure of personnel records. The court there noted that California courts have generally concluded that the public interest in pre-serving confidential information outweighs the interest of a private litigant in obtaining the confidential information. (*Id.*, at p. 530.) Without explaining how she reaches her conclusion, Bailey asserts that *Board of Trustees* stands for the opposite principle—that privacy rights are overcome by the state's interest in facilitating the ascertainment of truth in legal proceedings. Bailey explains the relevancy of many of the documents she seeks and argues that Harding Lawson has not shown that the trial court abused its discretion in ordering disclosure.

A showing of relevancy may be enough to cause the court to balance the compelling public need for discovery against the fundamental right of privacy. (*Mendez* v. *Superior Court* (1988) 206 Cal.App.3d 557, 567 [253 Cal.Rptr. 731].) However, the balance will favor privacy for confidential information in third party personnel files unless the litigant can show a compelling need for the particular documents and that the information cannot reasonably be obtained through depositions or from nonconfidential sources. (See *El Dorado Savings & Loan Assn.* v. *Superior Court* (1987) 190 Cal.App.3d 342, 346 [235 Cal.Rptr. 303].) Even when the balance does weigh in favor of disclosure, the scope of disclosure must be narrowly circumscribed. (*Board of Trustees, supra,* 119 Cal.App.3d at p. 526.)

Bailey has not shown a compelling need for particular confidential docu-ments in third party personnel files or that the information could not be obtained through depositions or from nonconfidential sources. To the extent the court's discovery order required production of confidential information contained in personnel files of employees other than Bailey, it was overbroad and unjustified.

## Bid Documents

■ Harding Lawson contends that the court violated confidentiality regulations of the federal government when it ordered disclosure of govern-ment bids, proposals, and related documents used in obtaining government contracts. We disagree. The cited regulations, at most, prevent disclosure of some documents during the bidding process and while the government agency is analyzing the bids.

Harding Lawson does not quote the specific wording on which it relies, but does cite 48 Code of Federal Regulations, sections 3.104-5(a) and

15.413-1(a) (1991). Section 3.104-5(a) states in part, "Except as specifically provided for in this subsection, no person or other entity may disclose proprietary or source selection information to any person other than a person authorized by the Head of the Agency to receive such information." Significantly, the preceding regulation, 48 Code of Federal Regulations, section 3.104-4, defines "proprietary information" to exclude information contained in bid documents following bid opening (*id.*, subd. (j)(3)(ii)). It also shows that "source selection information" consists primarily of information generated by or for the government agency during the bid evaluation phase of a procurement, not of information submitted by the bidder or information used by the bidder to prepare the bid (see *id.*, subd. (k)). The documents sought by Bailey are neither proprietary information nor source selection information. Even if some are considered proprietary information, 48 Code of Federal Regulations, section 3.104-5(f) allows bidders to disclose their own proprietary information to others.

48 Code of Federal Regulations, section 15.413-1(a) states a broader prohibition. It says that after receipt of proposals none of the information contained in them may be made available to the public except as provided in section 3.104. However, the wording and context of the regulation show that it prevents only the public agency from disclosing bid documents. It does not prevent a bidder from disclosing its own information. In fact, section 15.413-1(c) specifies that the prospective contractor is the one who places restrictions on disclosure of data used in its proposal and that this restricted data may not be disclosed outside the government without permission of the bidder.

We conclude that 48 Code of Federal Regulations, sections 3.104-5(a) and 15.413-1(a) do not prevent Harding Lawson's disclosure of bid documents and related materials for bids already presented to government agencies and opened by them. The court properly rejected Harding Lawson's asserted basis for resisting discovery of this information.

It is not our function to wade through the many discovery requests and determine which involve information in personnel files and which do not. The parties and the trial court are better suited to this task. We order issuance of a peremptory writ of mandate in the first instance to vacate in part the court's discovery order. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the Superior Court of the City and County of San Francisco to vacate its order insofar as it

required disclosure of material in the personnel files of employees other than Bailey.

    Chin, J., and Werdegar, J., concurred.