[No. C053780. Third Dist. Dec. 26, 2006.]

ELENA C. SLAYTON, Petitioner, v.
THE SUPERIOR COURT OF SUTTER COUNTY, Respondent;
MICHAEL SLAYTON et al., Real Parties in Interest.

COUNSEL

Jay-Allen Eisen Law Corporation, Jay-Allen Eisen, C. Athena Roussos; Law Office of Charles S. Poulos and Charles S. Poulos for Petitioner.

No appearance for Respondent.

Rich, Fuidge, Morris & Lane and David R. Lane for Real Party in Interest Michael Slayton.

Ronald S. Erickson, County Counsel, and Robert A. Muller, Assistant County Counsel, for Real Party in Interest Sutter County Sheriff's Department.

OPINION

**SIMS, Acting P. J.**—This is a petition for writ of mandate by Elena C. Slayton, who is party to a marital dissolution action in the trial court. Petitioner filed a *Pitchess* motion[1] seeking discovery of personnel records of her husband, Michael Slayton, a former sheriff's deputy in the Sutter County Sheriff's Department. The trial court declined to conduct an in camera review of the records and precluded discovery except insofar as petitioner sought certain financial information, including Michael's salary and benefits. Petitioner challenges the trial court's decision. We conclude petitioner made a sufficient showing to require the court to conduct an in camera review of Michael's personnel records. Our intervention by writ is warranted because denial of discovery could prevent petitioner from having a fair opportunity to litigate her case. (See *Johnson v. Superior Court* (2000) 80 Cal.App.4th 1050, 1061 [95 Cal.Rptr.2d 864]; *Waicis v. Superior Court* (1990) 226 Cal.App.3d 283, 286–287 [276 Cal.Rptr. 45].) Accordingly, we shall issue a writ of mandate directing the trial court to conduct an in camera review of Michael's personnel records.

### Procedural and Factual Summary

Petitioner and Michael Slayton married in 1992 and separated in 2005. They had three children, who were ages eight, 10, and 12 at the time the petition for dissolution of marriage was filed in 2005. Petitioner claims she was the victim of domestic violence by Michael during their marriage.

[1] Following the decision in *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305] (*Pitchess*), the Legislature codified the requisites and procedures governing such a motion in Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 through 1045. Evidence Code sections 1046 and 1047 were added later.

Michael was a sheriff's deputy in the Sutter County Sheriff's Department. In June of 2005, Michael met with petitioner's attorney. Michael was not yet represented by counsel. According to a declaration filed by petitioner's attorney in connection with the discovery motion at issue, Michael said he was on administrative leave from the sheriff's department and that they were considering terminating him "due to allegations made by third parties as to his conduct as a Sheriff's Officer." Michael said "that his conduct toward some women in the community was at issue." He was ultimately terminated.

In July of 2005, the trial court entered an order prohibiting Michael from contacting petitioner for purposes other than peaceful contact involving exchange of their children for visitation. In the motion at issue, petitioner alleged that Michael was subsequently arrested for stalking her. In his moving papers, Michael's counsel acknowledged that Michael was convicted of violating Penal Code section 646.9, subdivision (b) (stalking), and that he was released in April of 2006, after serving a one-year sentence. Counsel represented that it was "believed" Michael was terminated from his employment for the conduct under investigation at the time he was placed on administrative leave, which was not related to the stalking offense.

On August 31, 2006, petitioner filed her "motion for discovery concerning law enforcement officer [*Pitchess*] motion" along with supporting points, authorities and documentation. Petitioner sought Michael's complete personnel file, including information concerning his compensation as well as his disciplinary history, complaints made against him, the department's investigation of those complaints, and statements made about him by departmental personnel. Michael filed opposition, as did the Sutter County Sheriff's Department.[2] Petitioner filed a reply.

The matter proceeded to a hearing on September 25, 2006. A written order memorialized the court's decision. In the order, the court noted the sheriff's department had not objected to disclosing "records regarding financial issues such as [Michael's] salary, hours and retirement." The court concluded: "The Court does not find sufficient showing to delve into the Respondent's personal file, except to allow the Petitioner access to the Respondent's vacation, sick and retirement records." The court found Michael's privacy rights "are not outweighed by the Petitioner's need for the requested information."

---

[2] Petitioner asserted that the sheriff's department's opposition was untimely, but the trial court exercised its discretion to consider it and declined to strike it. (See Cal. Rules of Court, rule 317(d).) Petitioner also claimed Michael lacked standing to oppose the motion. The trial court agreed the motion was between petitioner and the sheriff's department. But the court stated that it reviewed all opposing papers, and it allowed Michael to participate at the hearing.

Writ Proceedings

On October 3, 2006, petitioner filed in this court the instant petition for writ of mandate and request for a stay. On October 12, this court received preliminary opposition from real party Sutter County Sheriff's Department. The same day, this court stayed the pending trial. On October 17, this court advised the parties that it was considering issuing a peremptory writ in the first instance and that any opposition or further opposition was to be filed on or before November 1. No further opposition was filed within the time provided.

## DISCUSSION

█ First, petitioner claims she filed her *Pitchess* motion as a precautionary measure. She argues that the *Pitchess* statutory procedure does not apply and that the discovery she sought was required. We disagree. The procedure applies to "any case in which discovery or disclosure is sought of peace or custodial officer personnel records or records maintained pursuant to Section 832.5 of the Penal Code or information from those records." (Evid. Code, § 1043, subd. (a).) And though an exception has been recognized in marital dissolution proceedings, that exception does not extend to the records the trial court denied here. We explain.

In *City of Los Angeles v. Superior Court* (2003) 111 Cal.App.4th 883 [3 Cal.Rptr.3d 915], Division 3 of the Fourth District held the *Pitchess* procedure need not be used to obtain certain financial records of a spouse in a marital dissolution case. The court recognized that the *Pitchess* statutes were "generally applicable statutes requiring all persons seeking peace officer personnel records to comply with the described procedure." (*Id.* at p. 893.) But the court noted that the Family Code expressed the legislative intent to require full financial disclosure as part of the fiduciary duty of a spouse at dissolution of a marriage. (*Id.* at pp. 893–894, citing Fam. Code, §§ 2100, 2102.) The court reasoned that it was necessary to harmonize the relevant statutory provisions. (*City of Los Angeles v. Superior Court, supra,* at p. 894.) The court held that the *Pitchess* statutory procedure must yield in the interest of full disclosure of financial information, which was essential to an equitable division of assets as well as calculating spousal and child support. (*Id.* at pp. 894–895.) The court emphasized that "[a] divorcing spouse will invariably demonstrate good cause for disclosure of payroll information" and that it was a waste of public and private resources "to force both parties to go through a complex motion procedure to disclose relevant information when the outcome is generally assured." (*Id.* at p. 895.) The court concluded: "All things considered, there is no good reason to force the spouse of a peace officer to jump through the *Pitchess* hoop to obtain financial information he

or she is entitled to by law." (*Id.* at p. 897.) In so holding, the court noted that the trial court retained discretion to exclude "information deemed unnecessary to the proceedings, or any that may place the peace officer at personal risk, or subject him or her to public ridicule." (*Id.* at p. 897.) The court further noted the trial court could "conduct an in camera review upon proper showing." (*Ibid.*, citing Evid. Code, § 915.)

■ The underlying facts and the court's reasoning in *City of Los Angeles v. Superior Court*, *supra*, 111 Cal.App.4th 883, do not support an exception to the statutory *Pitchess* procedure for *all* personnel records of a spouse in a marital dissolution action. The type of information sought in that case included salary and other information concerning benefits. (See *id.* at p. 886.) The appellate court repeatedly characterized that information as "payroll" and "financial" records and explained why a party should not be forced to resort to the *Pitchess* statutes when seeking this type of information. (See *id.* at pp. 890–897.) We agree that it is unnecessary to follow the *Pitchess* procedure when seeking records concerning salary and other benefits. But here, the trial court ordered disclosure of such records. The only remaining issue involves petitioner's attempt to obtain additional information concerning complaints about an officer and other information not directly related to the officer's compensation. There is no explicit statutory exception to the *Pitchess* procedure, and there is no need to harmonize its provisions with those of the Family Code, when personnel records are sought that do not directly relate to compensation and benefits. Information concerning complaints against an officer is not needed for full financial disclosure in the ordinary case. Accordingly, the *Pitchess* procedure applies.

■ The question remains whether petitioner made a sufficient showing to warrant disclosure of the information under the *Pitchess* statutes. Evidence Code section 1043 requires a defendant to file a written motion that includes "[a] description of the type of records or information sought" and "[a]ffidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that the governmental agency identified has the records or information from the records." (Evid. Code, § 1043, subd. (b)(2), (3).) If a defendant has established good cause for the discovery, " 'the trial court proceeds to an in chambers examination of the records to determine whether they have any relevance to the issues presented in the current proceedings.' " (*California Highway Patrol v. Superior Court* (2000) 84 Cal.App.4th 1010, 1020 [101 Cal.Rptr.2d 379]; see Evid. Code, § 1045, subd. (b).) "Thus, the trial court's decision to release information requires a finding of relevance." (*California Highway Patrol*, *supra*, at p. 1020) "A trial court's ruling on a motion for access to law enforcement personnel records is

subject to review for abuse of discretion." (*People v. Hughes* (2002) 27 Cal.4th 287, 330 [116 Cal.Rptr.2d 401, 39 P.3d 432], citing *Pitchess, supra,* 11 Cal.3d at p. 535.)

One of the reasons petitioner is seeking discovery of Michael's personnel records is that child custody is at issue (as are related issues connected with visitation). The Sutter County Sheriff's Department responds: "[W]hile Petitioner contended that Michael's non-financial personnel file information was relevant to the issue of child custody, it failed to explain *how* such putative *work-related* conduct, or misconduct, which, she presumed was in such personnel file could impact custodial fitness or establish propensity for domestic violence."

The facts presented here do not support drawing such a fine distinction between Michael's professional and personal conduct. We conclude petitioner made an adequate showing that Michael's personnel records are potentially relevant in this case. Petitioner claims Michael was abusive during their marriage. Michael was convicted of stalking her after they separated. Further, petitioner presented evidence that Michael had indicated his initial suspension was due to an investigation concerning citizen complaints against him, more specifically complaints involving women. Considering petitioner's allegations, Michael's conduct, and the fact that other *women*, in particular, may have filed complaints against him, there is reason to believe his personnel records could include evidence of violence or brutality that could bolster petitioner's claims of domestic violence or otherwise reflect on his fitness as a parent. Such evidence would be relevant to determine the appropriate custody arrangement for his and petitioner's children. The trial court abused its discretion by failing to conduct an in camera review of Michael's personnel records.[3]

## DISPOSITION

Having complied with the procedural requirements for issuance of a peremptory writ in the first instance, we are authorized to issue the writ. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)

---

[3] Petitioner also claims the records she is seeking may be relevant in other ways. Having concluded she made a sufficient prima facie showing to warrant the trial court's in camera review for the reasons discussed above, we find it unnecessary to specifically address petitioner's other arguments. The trial court is entrusted with discretion to conduct the in camera review in the first instance, and to order the disclosure of relevant information that is discoverable under the *Pitchess* statutory provisions. (See Evid. Code, § 1045.)

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order denying in part petitioner's motion for disclosure of Michael Slayton's personnel records, and to conduct an in camera review of those records before ruling on the motion. Upon finality of the trial court's decision on petitioner's discovery request, the stay of trial previously issued is dissolved. Petitioner shall recover her costs of this proceeding. (Cal. Rules of Court, rule 56(m).)

Hull, J., and Robie, J., concurred.