Filed 12/12/16

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| ROBERT RISKE, | No. B270043 |
| Petitioner, | (Los Angeles County Super. Ct. No. BC557535) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| CITY OF LOS ANGELES, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in Mandate.  Mark V. Mooney, Judge.  Petition Granted.

Law Offices of Gregory W. Smith, Gregory W. Smith, Diana WangWells; Benedon & Serlin, Douglas G. Benedon, Gerald M. Serlin and Judith E. Posner, for Petitioner.

No appearance for Respondent.

Michael N. Feuer, City Attorney, Amy Jo Field, Assistant City Attorney and Lisa S. Berger, Deputy City Attorney, for Real Party in Interest.

———————————

Robert Riske, a retired Los Angeles police officer, sued the City of Los Angeles alleging the Los Angeles Police Department had retaliated against him for protected whistleblower activity by failing to assign or promote him to several positions, selecting instead less qualified candidates. Riske filed a discovery motion pursuant to Evidence Code sections 1043 and 1045, which establish procedures for the disclosure of confidential personnel records of peace officers, to obtain certain records of the officers selected for the positions to which he had applied. Riske asserted the documents he sought were necessary to show the City's stated business reason for its promotion decisions—the successful candidates were more qualified than Riske—was pretext for retaliation. The City opposed the motion, claiming the officers' personnel records were not subject to discovery because the officers were innocent third parties who had not witnessed or caused Riske's injury. The superior court agreed and denied Riske's motion.

We grant Riske's petition for a writ of mandate and direct the superior court to vacate its order denying Riske's discovery motion and to enter a new order requiring the City to produce the reports sought by Riske for an in camera inspection pursuant to Evidence Code section 1045 and to thereafter order production of all discoverable information. The statutory scheme governing the discovery of peace officer personnel records is not limited to cases involving officers who either witnessed or committed misconduct. If a plaintiff can demonstrate the officer's personnel records are material to the subject matter of the litigation, the records must

2

be produced by the custodian of records and reviewed by the court at an in camera hearing in accordance with the statutory procedures to assess the discoverability of the information contained in them. The court must then order production of those records that are relevant and not otherwise protected from disclosure.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Riske's Whistleblower Activity and the Subsequent Adverse Response by Fellow Officers*

According to his complaint, Riske worked as a police officer with the Department from 1990 until his retirement in September 2014. In 2008, while working as a detective-I in the Southeast Narcotics Enforcement Division, Riske reported two of his fellow officers for filing false police reports and testified against the officers at an administrative hearing that ultimately resulted in their termination. Afterward, Riske's colleagues referred to him as a "snitch" and refused to work with him. At times they even ignored Riske's requests for assistance in the field. Fearing for his safety, Riske transferred from the Southeast Division to the Harbor Division. Between 2011 and 2013 he applied for 14 highly desirable detective-I and detective-II positions. Notwithstanding his superior qualifications, his applications were denied each time in favor of less experienced or less qualified persons.

2. *Riske's Lawsuit, the Department's Summary Judgment Motion and Riske's Initial Request for Production of Documents*

In September 2014 Riske sued the Department for unlawful retaliation in violation of Labor Code section 1102.5, alleging the Department's refusal to promote him was in retaliation for his

protected whistleblower activity. The City answered the complaint, denying the allegations, and thereafter moved for summary judgment arguing, among other things, it had a legitimate business reason for its promotional decisions—the selected candidates were more qualified than Riske.

Prior to responding to the City's summary judgment motion, Riske served the City with a discovery request for all documents submitted by the successful candidates for the relevant positions and all documents relied on by the Department to select those officers for the positions, subject to the terms of the parties' stipulated protective order.[1] The City produced some documents, including rating sheets and ranking matrices used by the Department's decision makers for each position, but nothing from the selected candidates' confidential personnel files.

3. *Riske's Discovery Motion for Peace Officer Personnel Records*

Riske moved under Evidence Code sections 1043 and 1045 for production of the selected officers' Training Evaluation and Manage System ("TEAMS") reports, which summarized the successful candidates' qualifications and history of commendations and complaints, and their last two performance

---

[1] In December 2014 the parties entered into a stipulation, signed as an order by the court, governing production of documents and disclosure of information in the case. Under the terms of the order confidential information produced in discovery would be used solely in connection with the instant matter and viewed only by the parties, their attorneys and representatives participating in this case.

4

evaluations, known as Standards Based Assessments.[2] To support his motion Riske included an affidavit from retired Captain Joel Justice, a 21-year veteran of the Department, who was familiar with the Department's hiring policies and procedures during the period Riske submitted his applications for reassignment and/or promotion. According to Captain Justice, all officers applying for the positions Riske identified were required to submit a TEAMS report and their last two performance evaluations; and the supervisors making the promotion/assignment/hiring decision were required to consider that information in arriving at their overall rating of the applicants. Captain Justice characterized the TEAMS reports as playing a "crucial role" in the selection process. He also testified performance evaluations were critical because receipt of a "notice to correct" conduct would be reflected in a performance evaluation but not in a TEAMS report. Riske argued the documents were material to his ability to prove the Department's stated business reasons for its failure to promote him were pretext for unlawful retaliation.

   The City opposed Riske's motion, arguing peace officer personnel records are confidential and the statutory scheme permitting discovery of those records did not apply when the officers whose personnel records were sought had neither witnessed nor been accused of any misconduct. The City also

---

[2]   The parties agree that TEAMS is a system maintained by the Department "to track detailed information pertaining to an officer's entire career with the Department. A TEAMS report is a report generated by the TEAMS [data-tracking] system, and includes such information as [an officer's] training, assignments, personnel complaints, discipline, commendations, and use[] of force."

insisted Riske had failed to demonstrate good cause for production of the records.

4. *The Superior Court's Denial of Riske's Motion for Personnel Records*

The superior court denied Riske's motion, ruling the discovery procedures applicable to peace officer personnel records did not apply to records of officers who had not committed or witnessed any misconduct. The court stated, "You want records of all these officers who have got nothing to do with this case other than, you know, they were considered for these positions at the same time as your client was. But they did nothing wrong. They're not a witness to anything. They committed no alleged misconduct. So that's why I still don't think [you] get discovery of their otherwise privileged personnel files." The court continued the hearing on the summary judgment to April 12, 2016.

On February 5, 2016 Riske filed a petition for writ of mandate in this court, challenging the superior court's denial of his statutory discovery motion. On March 2, 2016 we issued an order to show cause and stayed further proceedings in the superior court pending our ruling on Riske's petition.

## DISCUSSION

1. *Governing Law and Standard of Review*

In *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*) the Supreme Court held a criminal defendant, upon a showing of good cause, could compel discovery of information in a police officer's personnel file that was relevant to the defendant's ability to defend against a criminal charge. In 1978 the Legislature enacted Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 through 1045, codifying many of the principles articulated in *Pitchess* and creating a statutory scheme for the

6

limited discovery of peace and custodial officer personnel records in both civil and criminal cases. (See Stats. 1978, ch. 630, §§ 1-3 & 5-6, pp. 2082-2083; *Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 631 (*Stiglitz*); *City of Los Angeles v. Superior Court* (2002) 29 Cal.4th 1, 9.)

Currently, Penal Code section 832.7, subdivision (a), provides in part that the personnel records[3] of a peace or custodial officer are "confidential and shall not be disclosed in any criminal or civil proceeding" except by discovery procedures set forth in Evidence Code sections 1043 and 1045.[4] Evidence Code

---

[3] Personnel records are defined in Penal Code section 832.8 as "any file maintained under that individual's name by his or her employing agency and containing records relating to any of the following: [¶] (a) Personal data, including marital status, family members, educational and employment history, home addresses, or similar information. [¶] (b) Medical history. [¶] (c) Election of employee benefits. [¶] (d) Employee advancement, appraisal, or discipline. [¶] (e) Complaints or investigations of complaints concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties. [¶] (f) Any other information the disclosure of which would constitute an unwarranted invasion of personal privacy." (See *Commission on Peace Officer Standards & Training v. Superior Court* (2007) 42 Cal.4th 278, 289-290 [only information falling into one of Penal Code section 832.8's specifically listed categories is a "personnel record" for *Pitchess* purposes]; *Zanone v. City of Whittier* (2008) 162 Cal.App.4th 174, 188 [same].)

[4] Evidence Code sections 1046 and 1047, added by the Legislature in 1985 (Stats. 1985, ch. 539, §§ 1, 2, p. 1917), govern discovery of peace officer personnel records in excessive force cases and are not at issue here. (See *Stiglitz, supra,* 60 Cal.4th at

section 1043 requires the party seeking the discovery of peace or custodial officer personnel records or information from those records to file a motion with the court and give notice of the motion to the government agency that has custody or control of the records.  (Evid. Code, § 1043, subd. (a).)  The discovery motion must include, among other things, a description of the type of records or information sought and affidavits showing good cause for their discovery or disclosure.  (Evid. Code, § 1043, subd. (b)(2)-(3).)

Good cause for discovery of peace officer personnel records under the statutory scheme exists when the party seeking the discovery shows the "'materiality" of the information to the subject matter of the pending litigation and states upon "reasonable belief" that the agency has the type of information sought.  (Evid. Code, § 1043, subd. (b)(3); *People v. Gaines* (2009) 46 Cal.4th 172, 179 (*Gaines*); *Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1019 (*Warrick*).)  A sufficient threshold showing is established if the party seeking records demonstrates through affidavits a "plausible factual foundation" for how the records are material to the subject matter of the pending litigation.  (*Warrick*, at p. 1025.)  The affiant's credibility is not at issue; the trial court determines whether a plausible factual foundation has been established; it does not determine whether the moving party's version of events is credible or persuasive.  (*Ibid.*)

This good cause requirement creates a "'relatively low threshold for discovery.'"  (*Warrick*, *supra*, 35 Cal.4th at p. 1019; accord, *Gaines*, *supra*, 46 Cal.4th at p. 179 ["[a] showing of good cause [under Evidence Code section 1043] is measured by

---

pp. 641-642; *Alt v. Superior Court* (1999) 74 Cal.App.4th 950, 957-958.)

'relatively relaxed standards' that serve to 'insure the production' for trial court review of 'all potentially relevant documents'".) If this threshold showing of good cause is met, the trial court must then review the pertinent documents in chambers in conformity with Evidence Code section 915 and disclose only that information falling within the statutorily defined standards of relevance. (Evid. Code, § 1045, subd. (a); *Warrick,* at p. 1019; *City of Los Angeles v. Superior Court*, *supra*, 29 Cal.4th at p. 19.)

The statutory scheme contains additional protections and limitations on the scope of the discovery. For example, complaints pertaining to officer conduct more than five years before the event or the transaction at issue in the case, as well as any information or record that is otherwise "so remote as to make disclosure of little or no practical benefit," are not discoverable. (Evid. Code, § 1045, subd. (b)(3).) In addition, the court must "consider whether the information sought may be obtained from other records maintained by the employing agency in the regular course of agency business which would not necessitate the disclosure of individual or personnel records." (Evid. Code, § 1045, subd. (c).) The court is also authorized to make "any order which justice requires to protect the officer or agency from unnecessary annoyance, embarrassment or oppression." (Evid. Code, § 1045, subd. (d); see *Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1039 (*Alford*) ["'[t]he relatively low threshold for discovery embodied in section 1043 is offset in turn, by section 1045's protective provisions which: (1) explicitly "exclude from disclosure" certain enumerated categories of information [citation]; (2) establish a procedure for in camera inspection by the court prior to any disclosure [citation]; and (3) issue a forceful directive to the courts to consider the privacy interests of the officers whose records are sought and take whatever steps "justice

9

requires" to protect the officers from "unnecessary annoyance, embarrassment or oppression"""].)

This two-step process for discovery of peace officer personnel records balances the officer's strong privacy interests in his or her own personnel records with the needs of civil litigants and criminal defendants to obtain information material to their claim or defense. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1227; see *Alford*, *supra*, 29 Cal.4th at pp. 1038-1039 ["'The statutory scheme thus carefully balances two directly conflicting interests: the peace officer's just claim to confidentiality, and the criminal defendant's equally compelling interest in all information pertinent to his defense. The relatively relaxed standards for a showing of good cause under section 1043, subdivision (b)— "materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought—insure the production for inspection of all potentially relevant documents. The in camera review procedure and disclosure guidelines set forth in section 1045 guarantee, in turn, a balancing of the officer's privacy interests against the defendant's need for disclosure.'"]; *Haggerty v. Superior Court* (2004) 117 Cal.App.4th 1079, 1085 [same].)

The trial court's decision to grant or deny a discovery motion under Evidence Code sections 1043 and 1045[5] is ordinarily reviewed for abuse of discretion. (*Alford*, *supra*, 29 Cal.4th at p. 1039.) However, when, as here, the decision is based on an

---

[5]     Although the Legislature's 1978 enactment of this statutory scheme superseded the Court's holding in *Pitchess, supra,* 11 Cal.3d 531, discovery motions and hearings conducted pursuant to Evidence Code sections 1043 through 1046 are still commonly referred to as *Pitchess* motions and hearings.

10

interpretation of the statutes governing such discovery, our review is de novo.  (*City of Eureka v. Superior Court of Humboldt County* (2016) 1 Cal.App.5th 755, 763; *Pasadena Police Officers Assn. v. Superior Court* (2015) 240 Cal.App.4th 268, 284.)

>   2. *The Superior Court Erred in Ruling <u>Pitchess</u> Discovery Was Not Available Because the Officers Whose Records Were Sought Had Not Participated in or Witnessed the Conduct Alleged To Have Caused Riske's Injury*

The superior court denied Riske's discovery motion without holding an in camera hearing because it agreed with the City the discovery procedures for peace officer personnel records did not apply when the officers whose records were sought did not cause or witness the plaintiff's injury.  The court erred in narrowly construing the statute to contain such a limitation.

Analysis of the requirements of Evidence Code section 1043 must begin with the plain language of the statute, giving the words their ordinary and common meaning.  (*Voices of the Wetlands v. State Water Resources Control Bd.* (2011) 52 Cal.4th 499, 519.)  "If the language [of the statute] is unambiguous, the plain meaning controls," and no further analysis is warranted.  (*Ibid.*; accord, *Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1190; *State ex rel. Bartlett v. Miller* (2016) 243 Cal.App.4th 1398, 1408.)  When the language allows for more than one reasonable construction, we consider "such aids as the legislative history of the [statute] and maxims of statutory construction.  In cases of uncertain meaning, we may also consider the consequences of a particular interpretation, including its impact on public policy."  (*Wells*, at p. 1190.)

Here, the language of Evidence Code section 1043, subdivision (b)(3), is plain and unambiguous.  (See *Alford, supra,* 29 Cal.4th at pp. 1033 ["[a]s statutory schemes go [Evidence Code

11

sections 1043 through 1045] is a veritable model of clarity and balance"].) As discussed, Evidence Code section 1043 requires the party seeking discovery in a criminal or civil case to show good cause for the information by setting forth "the materiality thereof to the subject matter involved in the pending litigation . . . ." The critical limitation for purposes of the initial threshold determination is materiality, which, in this context, means the evidence sought is admissible or may lead to discovery of admissible evidence. (*Richardson v. Superior Court* (2008) 43 Cal.4th 1040, 1048-1049 ["the materiality standard [of Evidence Code section 1043] is met if evidence of prior complaints is admissible or may lead to admissible evidence"]; *Alford, supra,* 29 Cal.4th at p. 1039; cf. *People v. Superior Court* (*Johnson*) (2015) 61 Cal.4th 696, 712 [a criminal defendant seeking an in camera hearing for review and disclosure of peace officer personnel records must make a threshold showing of materiality to the pending litigation, a much lesser showing than required under the Supreme Court's constitutional materiality standard articulated in *Brady v. Maryland* (1963) 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215].)

The City concedes the statutory scheme applies in civil cases and acknowledges that nothing in those statutes explicitly restricts discovery to personnel records of peace officers who participated in or witnessed the wrongdoing at issue in the litigation. It nonetheless argues the Legislature, mindful that *Pitchess* involved allegations of officer misconduct, must have had that circumstance in mind in 1978 when it enacted Evidence Code sections 1043 through 1045. This notion that the underlying facts of the *Pitchess* decision articulate or inform the limits of permissible discovery of peace officer personnel records under Evidence Code sections 1043 and 1045 has long been rejected.

12

(See *City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 84 ["In determining the question of 'good cause,' however, we do not operate in a decisional vacuum. We have previously held that the Legislature, in adopting the statutory scheme in question, 'not only reaffirmed but expanded' the principles of criminal discovery articulated by this court in the landmark case of *Pitchess v. Superior Court* . . . ."]; *Commission on Peace Officer Standards & Training v. Superior Court* (2007) 42 Cal.4th 278, 293 [Evidence Code section 1043 governs all peace officer personnel records as defined in Penal Code section 832.8, not simply the types of complaints and disciplinary actions at issue in *Pitchess*]; *County of Los Angeles v. Superior Court* (1990) 219 Cal.App.3d 1605, 1609 ["Legislature's use of the term 'any criminal or civil proceeding' . . . was intended to apply to *any* situation, including a personal injury action . . . where a party seeks to discover information contained in a peace officer's personnel file"].)

To support its narrow interpretation of the term "materiality" in Evidence Code section 1045, the City compares several cases in which good cause was found because the officer was alleged to have committed misconduct and contrasts them with cases in which good cause was absent because the officer had not committed misconduct. (Compare *City of Santa Cruz v. Municipal Court*, *supra*, 49 Cal.3d at p. 85 [defense assertion of excessive force by arresting officers established plausible factual foundation for discovery of personnel records] and *Slayton v. Superior Court* (2006) 146 Cal.App.4th 55, 61 [in marital dissolution action alleging spousal abuse, wife could obtain personnel records of peace officer husband under Evidence Code section 1043 to the extent information in his file was material to her claims he was violent] with *People v. Cruz* (2008) 44 Cal.4th 636, 669-670 [criminal defendant who asserted officers acted with

13

excessive force did not show good cause for obtaining personnel records of officers who were not present when he was arrested; "[t]here is no basis in the moving papers on which a conclusion can be reached that [the officers'] past conduct would in any way have anything to do with matters or material that might in any way be helpful to the defense in the case'"]; *People v. Collins* (2004) 115 Cal.App.4th 137, 151 [criminal defendant who alleged officers planted drugs on him failed to show good cause for discovery of personnel records; officers whose records were sought were not involved in the body cavity search that led to the discovery of drugs]; *California Highway Patrol v. Superior Court* (2000) 84 Cal.App.4th 1010, 1023 [criminal defendant failed to show good cause for personnel records to support his claim that officer falsified police report; officer whose records were sought was not alleged to have prepared a false report].)

Contrary to the City's suggestion, the dispositive factor in these cases was not the presence or absence of the officer during the episode of misconduct at issue; it was the materiality of the officer's records to the issue before the court. When the officer's conduct was material to the claim, good cause was found. (See *City of Santa Cruz v. Municipal Court*, *supra*, 49 Cal.3d at p. 85.) When the officer whose records were sought was not present when the police misconduct was alleged to have taken place, that officer's past misconduct was not material to the defendant's allegations; and the motion was denied. (*People v. Cruz*, *supra*, 44 Cal.4th at pp. 669-670; *People v. Collins*, *supra*, 115 Cal.App.4th at p. 151.) To be sure, as the cases cited by the City demonstrate, materiality will typically be found when the officer was involved, and not found when the officer was not involved in the alleged wrongdoing. But that is not invariably the case, as the Supreme Court has made clear. (See *Stiglitz, supra,*

14

60 Cal.4th 624; *People v. Memro* (1985) 38 Cal.3d 658, 685-687 (*Memro*), overruled on another ground in *Gaines, supra,* 46 Cal.4th at p. 181, fn. 2.)

In *Memro* the defendant claimed the confession he made in his postarrest interrogation had been coerced through excessive force and sought information regarding excessive force complaints from the personnel records of 16 officers, most of whom had not participated in the interrogation. The *Memro* Court held discovery of the records of a noninterrogating officer would be proper if the defendant could show a link between that officer and the interrogating officers such as training or other substantial contacts, which would be relevant to the defendant's theory that the coercive techniques alleged were part of a pattern of conduct by the South Gate Police Department. (*Memro, supra,* 38 Cal.3d at pp. 685-687.) The defendant in *Memro* failed to make that connection. (*Ibid.*)

Several months after *Memro* was decided the Legislature enacted Evidence Code sections 1046 and 1047 specifically to overturn that portion of *Memro* allowing discovery of the personnel records of the noninterrogating officers. (See Stats. 1985, ch. 539, § 2, p. 1917; *Alt v. Superior Court* (1999) 74 Cal.App.4th 950, 959, fn. 4.) In particular, Evidence Code section 1047 protects from discovery records of officers who "were not present during the arrest or had no contact with the party seeking disclosure from the time of the arrest until the time of booking, or who were not present at the time the conduct is alleged to have occurred within a jail facility."

Any question as to the scope of Evidence Code section 1047's protections and *Memro's* continued viability concerning the discoverability of personnel records of peace officers not directly involved in the plaintiff's injury was resolved in *Stiglitz, supra,*

60 Cal.4th 624.  There, a sheriff's deputy had filed an administrative complaint challenging the Riverside County Sheriff's Department's termination of her employment for falsifying her payroll forms.  The deputy contended she had been subjected to disparate treatment, arguing other employees had committed the same offense but had not been fired.  To prove the allegations in her complaint, she moved under Evidence Code section 1043 for production of certain personnel records of several employees who had been disciplined for falsifying payroll forms.  The Sheriff's Department objected, arguing the deputy had not, and could not, establish good cause for an in camera hearing because none of the officers whose records were sought was involved in the underlying incident that led to the deputy's termination.  (*Stiglitz*, at p. 629.)  The hearing officer ordered production of the records, and the Sheriff's Department sought to overturn that decision by an administrative writ of mandate.  In addition to asserting lack of good cause, the Sheriff's Department filed a supplemental brief in superior court arguing only judicial officers could hold *Pitchess* hearings and grant *Pitchess* discovery motions, not hearing officers.  The superior court agreed with this latter argument and issued the administrative writ of mandate.  (*Ibid.*)  The Court of Appeal reversed, ruling the hearing officer's order was valid under the statute.

The Supreme Court affirmed, holding Evidence Code section 1043 authorized both judicial officers and administrative hearing officers to rule on discovery motions brought under the statutory scheme governing disclosure of peace officer personnel records.  (*Stiglitz*, *supra*, 60 Cal.4th at pp. 630-631.)  Of significance for the case at bar, the *Stiglitz* Court also rejected the Sheriff's Department argument the records were not discoverable as a matter of law because the officers whose personal information was

16

sought had no involvement in the deputy's claimed injury: "The department argues that, because the officers whose records [the plaintiff] has requested had nothing to do with her termination, she is not entitled to discovery. In support, the department cites Evidence Code section 1047 . . . . The department's reading of this statute was rejected in *Alt v. Superior Court* [, *supra,*] 74 Cal.App.4th 950. *Alt* reasoned that Evidence Code section 1047 only applies if the discovery request relates to an incident *involving* an arrest or its equivalent. When, as here, the discovery request is unrelated to an arrest, Evidence Code section 1047's limitation does not apply. . . . [A contrary] interpretation of section 1047 would mean that police personnel information could be discovered *only* if there had been an arrest or contact between arrest and booking, and in no other situation. This reading runs counter to *Memro's* observation that sections 1043 and 1045 do not limit discovery of personnel records to cases involving police officers and arrestees.'" (*Stiglitz*, at p. 641.)

Although the City does not rely on Evidence Code section 1047, in all other respects its argument is the same as the Riverside Sheriff's Department's in *Stiglitz*: Because the officers whose records Riske requested had nothing to do with the employment decisions that are the subject of this litigation, their personnel records are protected from discovery. The analytic linchpin of the *Stiglitz* holding rejecting this argument, resulting in the enforcement of the hearing officer's order under Evidence Code section 1043 to produce records for in camera inspection, is that Evidence Code sections 1043 and 1045 do not limit the production of confidential personnel records to those officers who participated in, or witnessed, the alleged wrongdoing at issue in the litigation. (See *Stiglitz*, *supra*, 60 Cal.4th at p. 641.) If the plaintiff can show the confidential personnel records of officers

17

who were not involved in the injury are nonetheless material to the litigation, he or she has demonstrated the good cause necessary to obtain in camera review.

Without acknowledging the holding or analysis in *Stiglitz*, the City argues permitting discovery of relevant information when the officer whose records are sought was not involved in plaintiff's injury would effectively create a less protective standard for the discovery of peace officer personnel records than for the third-party consumer records. (See *Life Technologies Corp. v. Superior Court* (2011) 197 Cal.App.4th 640, 652 [in civil cases third-party personnel files are considered confidential and protected by a constitutional right to privacy under the California Constitution unless the party seeking them can demonstrate a "compelling need" for their discovery]; *Harding Lawson Associates v. Superior Court* (1992) 10 Cal.App.4th 7, 10 [same].) Even were this true, that is a policy judgment for the Legislature, not this court. In any event, the City's assessment of the purported differences in these cases is flawed. In peace officer and non-peace officer cases personnel records are conditionally privileged. In both types of cases notice must be given to the officer or consumer whose records are sought to give that party the opportunity to object. (See Evid. Code, § 1043, subd. (a) [peace officers]; Code Civ. Proc., § 1985.3, subd. (b) [third-party consumers].) And in each type of case actual relevance is likely dispositive. (Compare *Life Technologies Corp.*, at p. 652 ["'[a] showing of relevancy may be enough to cause the court to balance the compelling public need for discovery against the fundamental right of privacy'"] with Evid. Code, § 1045, subd. (b) [information subject to disclosure must be relevant to subject matter involved in the pending litigation].) Also, in both categories the courts must consider whether "the information cannot reasonably be obtained through

18

depositions or from nonconfidential sources." (*Life Technologies Corp.*, at p. 652, ital. omitted; see also Evid. Code, § 1045, subds. (c)-(e).)

Moreover, when personnel records of peace officers are involved, an additional level of protection exists—a threshold inquiry by the court not conducted when private citizen personnel records are sought. (*Alford*, *supra*, 29 Cal.4th at p. 1039.) Only after this initial hurdle has been cleared—an evaluation whether good cause has been sufficiently alleged to justify an in camera review of potentially relevant documents—does the trial court conduct its in camera review of peace officer personnel records and determine, as in the case of third-party personnel records, whether and to what extent relevant information may be disclosed without intruding too significantly on a peace officer's privacy. (See Evid. Code, § 1045, subds. (b)-(d).)

3. *Riske Has Demonstrated a Plausible Factual Basis Sufficient To Establish Good Cause and Obtain an In Camera Hearing*

The City contends, even if the general procedures for *Pitchess* discovery apply in this case, Riske did not demonstrate a plausible factual scenario indicating the relevance of the personnel records he requested and thus did not meet his burden to show good cause.[6] To the contrary, Riske's retaliation case

---

[6] The superior court denied Riske's motion on the erroneous ground that, absent misconduct, good cause could not be established. In some circumstances we would remand for the trial court to exercise its discretion as to whether a threshold good cause showing has been made. When, as here, it is clear the trial court's discretion could only be exercised in one way, remand is unnecessary. (Cf. *Langford v. Superior Court* (1987) 43 Cal.3d

19

rests on the premise that persons less qualified than he were promoted ahead of him in retaliation for his protected whistleblower activity.  The City's defense, at least in part, was that the successful candidates were more qualified.  Information in the TEAMS report and performance evaluations of the successful candidates could very well be material to Riske's claim the City's stated business reason was a pretext for unlawful retaliation.  (See *Ash v. Tyson Foods, Inc.* (2006) 546 U.S. 454, 457 [126 S.Ct. 1195, 163 L.Ed.2d 1053] [qualifications evidence is relevant to show pretext]; *Iwekaogwu v City of Los Angeles* (1999) 75 Cal.App.4th 803, 816 ["At least three types of evidence can be used to show pretext:  (1) direct evidence of retaliation, such as statements or admissions, (2) comparative evidence, and (3) statistics"]; *Shelley v. Geren* (9th Cir. 2012) 666 F.3d 599, 610 ["[e]vidence of a plaintiff's superior qualifications, standing alone, may be sufficient to prove pretext"].)

The City asserts Riske failed to show good cause because he provided no specific evidence in his supporting affidavit that the officers who were selected for the highly desirable positions were, in fact, less qualified than he.  Instead, it contends, he is engaging in the type of "fishing expedition" the statute's good cause requirement was designed to prevent.  (See *City of San Jose v. Superior Court* (1993) 5 Cal.4th 47, 54 [the Legislature's intent in adopting the statutory scheme governing discovery of peace officer personnel records "manifestly was to protect such records against 'fishing expeditions'"].)  The City's argument fundamentally misconceives the *Pitchess* discovery process.

---

21, 28; *O'Bryan v. Superior Court of Los Angeles County* (1941) 18 Cal.2d 490, 496.)

Good cause in the initial phase of a discovery request for officer personnel records requires a plausible factual showing of materiality. Riske made that showing by articulating his whistleblower activity, a history of being maligned by other officers for that activity and his substantial qualifications for each of the 14 positions for which he applied. He also alleged he was more qualified than each of the candidates selected. Further particularity is not required. (*People v. Superior Court* (*Johnson*), *supra,* 61 Cal.4th at p. 721 [requiring petitioner to know what is located in the requested personnel records before he obtains discovery would be impossible; "[t]he required threshold showing does not place [the requesting party] 'in the Catch-22 position of having to allege with particularity the very information he is seeking' "]; *People v. Memro*, *supra*, 38 Cal.3d at pp. 682, 684 [same].)

The City also asserts that personnel records of at least one as-yet unidentified officer, the candidate selected for a detective-II position at Pacific Division sometime after March 2014, was not discoverable because Riske did not apply for that position after it was reposted in March 2014. However, Riske alleged in his complaint he applied for the position when it was first posted in January 2014; the position was not then filled; and the position was reposted several months later after Riske was rejected. Contrary to the City's contention, evidence of the successful applicant's qualifications could very well be material to Riske's claim even if he did not reapply. (Cf. *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792, 802 [93 S.Ct. 1817, 36 L.Ed.2d 668] [prima facie case of disparate treatment established if plaintiff proves he was qualified for position, was rejected, and after his rejection, position remained open and employer continued to seek applicants from persons of complainant's qualifications]; *Clark v.*

21

*Claremont University Center* (1992) 6 Cal.App.4th 639, 663 [same].)

Finally, the City asserts the qualifications evidence is not "material" because hiring decisions were based less on an objective comparison of qualifications than on the subjective impression of decision makers. This argument goes to the weight of the evidence Riske will present to prove his case, not the plausible factual scenario he advanced in support of his motion. (See *Warrick*, *supra*, 35 Cal.4th at p. 1026 ["To require a criminal defendant to present a *credible* or *believable* factual account of, or a motive for, police misconduct suggests that the trial court's task in assessing a *Pitchess* motion is to weigh or assess the evidence. It is not."].)

In sum, Riske established good cause to obtain an in camera review of the personnel records—the TEAMS reports and last two performance evaluations—he requested.[7] Whether and to what extent any information in any of the identified officers' personnel file is thereafter discoverable is for the superior court to determine in the first instance.

## DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its order of December 10, 2015 denying Riske's motion to discover the TEAMS reports and performance evaluations of the officers identified in his motion and to enter a new and different order directing the City to produce those reports

---

[7]  Riske also sought personnel records pertaining to investigations into his retaliation claim and documents pertaining to retaliation against Lieutenant Leland Sands. Riske's petition does not challenge the trial court's denial of those requests.

for an in camera inspection in accordance with Evidence Code section 1045. Riske is to recover his costs in this proceeding.

PERLUSS, P. J.

We concur:

SEGAL, J.

KEENY, J. *

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.