Filed 9/24/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

     Petitioner,

v.

THE SUPERIOR COURT OF
RIVERSIDE COUNTY,

     Respondent;

FRANK LEE LALO,

     Real Party in Interest.

E085658

(Super.Ct.No. RIF72630)

OPINION

ORIGINAL PROCEEDINGS; petition for extraordinary writ. Jennifer R. Gerard, Judge. Petition granted.

Michael A. Hestrin, District Attorney, Kent M. Walters and Jesse Male, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

1

Steven L. Harmon, Public Defender, John Pomeroy and Nicholas A. Kross, Deputy Public Defenders for Real Party in Interest.

In 1998 respondent Frank Lee Lalo (defendant), pled guilty to multiple criminal offenses, including burglary (Pen. Code, 459)[1] and kidnapping a child under 14 years old (§ 208, subd. (b)).  Defendant remains incarcerated.  In 2024, defendant moved for discovery under the Racial Justice Act (RJA).  (§ 745, subd. (d).)  The trial court granted the discovery motion.  In this court, the People seek a writ of mandate directing the trial court to vacate its order granting the motion.  Amongst other contentions, the People assert there is no plausible factual basis for a possible RJA violation.  We grant the petition and issue the writ.

## FACTS

A. <u>DEFENDANT'S CRIMES AND SENTENCE</u>

In 1996, defendant broke into a home.  While in the home, defendant raped a woman at knifepoint and carried a child around at knifepoint while stealing a firearm and ammunition.  In a first amended information, one of the charges brought against defendant was kidnapping to commit robbery (§ 209, subd. (b)), which carries a sentence of life with the possibility of parole (§ 209, subd. (b)).  In April 1997, during the jury selection phase of trial, the People filed a second amended information that added a one-strike allegation for rape occurring during a burglary (§ 667.61), which carries a sentence of 25 years to life (§ 667.61, subd. (a)).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Defendant and his trial counsel discussed the possibility of entering a plea based on the second amended information but decided to proceed to trial. On May 9, 1997, the jury announced it was deadlocked, and the trial court declared a mistrial. On October 14, 1997, a DNA test revealed that defendant's DNA matched the sperm of the rapist.

On February 25, 1998, the People filed a third amended information, which still included both the one-strike rape allegation (§ 667.61) and the kidnapping to commit robbery charge (§ 209, subd. (b)). That same day, defendant pled guilty to multiple counts and enhancements. Under the plea agreement, the rape charge was dismissed, which included dismissal of the one-strike allegation (§ 667.61). Also, the kidnapping to commit robbery charge (§ 209, subd. (b)) was amended to kidnapping a child under the age of 14 years old (§ 208, subd. (b)). The trial court sentenced defendant to prison for the stipulated determinate term of 49 years, four months. Over the years, defendant's sentence has been reduced to 45 years, eight months.

B.     DEFENDANT'S DISCOVERY MOTION

In August 2024 defendant sought discovery under the RJA. Defendant asserted that the People's second amended information—adding the one-strike allegation (§ 667.61) "drastically changed the context for plea negotiations." Defendant is ethnically Samoan. Defendant asserted that in a different Riverside County case, involving a white defendant charged with residential burglary and rape, the People did not include a one-strike allegation (§ 667.61).

3

In his motion, defendant requested the People disclose a list of all Riverside County cases filed from January 1, 1995, to December 31, 2004, in which defendants were charged with rape and residential burglary. Defendant requested the list include the defendants' races or ethnicities and all the charges brought in their cases.

C.     THE PEOPLE'S OPPOSITION

In opposing the motion, the People rejected defendant's assertion that the one-strike allegation (§ 667.61) drastically changed plea negotiations. The People contended that it was the DNA evidence that drastically changed plea negotiations. The People noted that, despite having DNA evidence, they agreed to a plea that did not include a rape conviction or a one-strike sentence.

D.     RULING

In ruling on defendant's motion, the trial court said, "I find there's good cause to get [defendant] the information he sought, and I'm granting the request; however, [defendant's trial counsel], I think the length is a little long. So what I'm ordering is that he's to get any cases from Riverside County during the time period of January 1, 1998, to December 31, 2004, for charges with [rape] and a 459 first degree burglary, to be turned over with the full name of all of the defendants, their ethnicity or racial background, as well as all of the charges and enhancements."

**DISCUSSION**

The People contend that their "amendment of the information before trial provides no support for a plausible case of an RJA violation."

4

" '[T]he standard of review for a discovery order is abuse of discretion, because management of discovery lies within the sound discretion of the trial court.' " (*Gonzales v. Superior Court* (2024) 108 Cal.App.5th.Supp. 36, 55 (*Gonzales*).)

The RJA prohibits the State from obtaining a criminal conviction or sentence based on a defendant's race or ethnicity. (§ 745, subd. (a).) One of the ways the RJA may be violated is when (1) a defendant is charged with a more serious offense than defendants of other races who have committed similar acts and are similarly situated, and (2) the evidence reflects the county's prosecutor frequently brought more serious charges against defendants who share the defendant's race or ethnicity. (§ 745, subd. (a)(3).)

The RJA discovery provision provides: "A defendant may file a motion requesting disclosure to the defense of all evidence relevant to a potential violation of subdivision (a) in the possession or control of the state. A motion filed under this section shall describe the type of records or information the defendant seeks. Upon a showing of good cause, the court shall order the records to be released." (§ 745, subd. (d).)

In *Young v. Superior Court of Solano County* (2022) 79 Cal.App.5th 138 (*Young*), the appellate court concluded that the "good cause" standard for discovery under the RJA is akin to the "good cause" standard for *Pitchess*[2] motions. (*Young*, at pp. 158-159.) The *Young* court observed that the *Pitchess* good cause standard includes

---

[2] *Pitchess v. Superior Court of Los Angeles County* (1974) 11 Cal.3d 531 (*Pitchess*).

the "requirement for a defendant to establish a 'plausible factual foundation' for officer misconduct." (*Young*, at p. 158.)  The *Young* court concluded that the same standard applies in RJA cases—"[I]n order to establish good cause for discovery under the Racial Justice Act, a defendant is required only to advance a plausible factual foundation, based on specific facts, that a violation of the Racial Justice Act 'could or might have occurred' in his case." (*Id.* at p. 159.)

In *Warrick v. Superior Court* (2005) 35 Cal.4th 1011 (*Warrick*), which is a *Pitchess* case, our high court explained, "What the defendant must present is a specific factual scenario of officer misconduct that is plausible when read in light of the pertinent documents." (*Warrick*, at p. 1025.)

The factual scenario advanced by defendant is inconsistent with the exhibits. Defendant asserts the prosecutor brought the one-strike allegation as a means of pressuring defendant during plea negotiations.  The exhibits reflect:  (1) defendant was already facing a potential life sentence for the kidnapping charge (§ 209, subd. (b)) when the one-strike allegation was added, thus the one-strike allegation did not create the potential for a lengthier sentence;  and (2) after the one-strike allegation was added, defendant discussed a possible plea but proceeded to trial, which ended in a mistrial, thus the addition of the one-strike allegation did not pressure defendant into a plea.  In sum, defendant's factual scenario is not plausible when read in light of the pertinent documents.

Next,  in defendant's motion, he asserted, "One case of a White male aged 22 at the time of the offenses, indicates a disparity in charging when compared to this case.

6

Larry Don Tripp [(Tripp)] was charged on July 20, 2004, in case SWF008485 with first degree residential burglary in violation of section 459 and also with forcible rape in violation of section 261(a)(2). It was further alleged that he had suffered one prior strike conviction. The District Attorney's Office did not allege, pursuant to section 667.61(d)(4), that he had committed the rape during the commission of a burglary where he entered with the intent to commit a sex offense. He did not face a potential life sentence. (See Exhibit 3, Complaint in SWF008485.)" In reviewing the July 20, 2004 complaint filed against Tripp, it does not include a one-strike allegation.

In defendant's motion, he further asserts, "In the initial complaint, [defendant] was not charged with an allegation pursuant to section 667.61 [the one-strike law]. After the preliminary examination, he was not charged with the allegation in the information or in an amended information. However, just before trial, the People filed a second amended information that charged the section 667.61 allegation for the first time."

As argued by defendant, at the complaint/pre-information stage, the prosecutor did not include a one-strike allegation against defendant or Tripp. The one-strike allegation against defendant was added in an amended information prior to trial. Defendant provides no indication of what charges and allegations Tripp faced in an information filed before trial, if Tripp's case went to trial. To summarize, neither defendant nor Tripp faced a one-strike allegation in their complaints, and we have no means of knowing what charges, if any, Tripp faced after the complaint stage. Thus, on

7

the facts defendant has provided, there are no reasonable inferences to be drawn about this case by comparing it to the Tripp case.

In granting defendant's motion, the trial court said the following: "I think the Court still needs . . . to find good cause, and there has to be some plausible explanation or connection. . . . I think the case he cited, by the charging alone is similar. Maybe how [defendant's] case ultimately ended is not, but I think it's similar enough for this Court." We infer from the foregoing statement that the trial court found a plausible factual foundation based upon Tripp not facing a one-strike allegation. The trial court erred in relying on Tripp's case because, as explained *ante*, there are no reasonable inferences to be drawn about this case by comparing it to the Tripp case.

Next, in relying on state and federal statistics, defendant contends that "Pacific Islanders and Native Hawaiians are overrepresented in California prisons and jails based on their population. While Whites were incarcerated in 2021 at a rate of 143 persons per 100,000 population, Pacific Islander and Native Hawaiians were incarcerated at a rate of 238 persons per 100,000 population. [Citation.] Further, among Pacific Islanders and Native Hawaiians, persons of Samoan descent are overrepresented in California state prisons."

The question confronting us is whether statewide statistics present "a specific factual scenario of . . . misconduct." (*Warrick*, *supra*, 35 Cal.4th at p. 1025.) We conclude they do not. In *Warrick*, when discussing *Pitchess* motions, our Supreme Court explained, "Counsel's affidavit must also describe a factual scenario supporting the claimed officer misconduct. That factual scenario, depending on the circumstances

8

of the case, may consist of a denial of the facts asserted in the police report." (*Id.* at pp. 1024-1025.) We understand the foregoing portion of *Warrick* as requiring a defendant to present factual allegations of specific misconduct involving the defendant's case, e.g., overcharging by the prosecutor. By contrast, the statewide statistics are at most general indications of what are arguably inequalities in the state's justice system—they are not specific factual allegations of misconduct in defendant's case.

In a concurring opinion in *Mosby v. Superior Court* (2024) 99 Cal.App.5th 106, our colleague Justice Menetrez concluded that countywide statistics alone would support a prima facie case of a RJA violation. (*Id.* at p. 138 (conc. opn. J. Menetrez).) Building on Justice Menetrez's concurrence, in *Gonzales*, the Santa Clara County Superior Court's Appellate Division explained, "It stands to reason that if the higher prima facie burden under the RJA can be met with [countywide] statistical evidence alone, then the lower good cause showing required for disclosure under section 745(d) does not necessarily require comparative case-specific factors from the defendant's and other cases—the 'what else'—as the trial court seemed to require here for Gonzales to meet the threshold plausible factual foundation." (*Gonzales*, *supra*, *v.* 108 Cal.App.5th Supp. at p. 62.) The *Gonzales* court was focused on countywide statistics and concluded that countywide "data . . . , in itself, can provide the 'specific facts' required for a 'plausible case' for RJA discovery." (*Id.* at pp. 46, 63.) In the instant case, the statistics offered by defendant are statewide. Because the statistics are not focused on Riverside County, they are not sufficient to provide the specific facts required for discovery.

9

In sum, as a threshold issue, the defendant must present a "a plausible scenario of . . . misconduct . . . that . . . could have occurred. Such a scenario is plausible because it presents an assertion of specific . . . misconduct that is . . . internally consistent." (*Warrick*, *supra*, 35 Cal.4th at p. 1026.) Defendant's factual scenario that he was overcharged to pressure him before trial is inconsistent with the exhibits. Defendant's factual scenario that he faced more severe charges than Tripp is not consistent with defendant's presentation of the charges defendant faced at the complaint/pre-information stage. Defendant's statewide statistics fail to present a factual allegation of specific misconduct. Because defendant failed to demonstrate good cause (§ 745, subd. (d)), the trial court erred in granting discovery.

The People raise more contentions asserting the trial court erred in granting the discovery motion. We do not address those contentions because we can provide the People with no further relief. (*People v. Gregerson* (2011) 202 Cal.App.4th 306, 321, 135 [" ' " '[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief' " ' "].)

At oral argument in this court, the People urged this court to continue our analysis with an application of the factors set forth in *City of Alhambra v. Superior Court* (1988) 205 Cal.App.3d 1118 (*Alhambra*). In *Young*, the appellate court set forth seven factors from the *Alhambra* case for a trial court to weigh in deciding a RJA

10

discovery motion.[3] (*Young*, *supra*, 79 Cal.App.5th at p. 168.)  Whether a defendant has demonstrated a plausible factual foundation is a threshold issue for a discovery motion. (*Warrick*, *supra*, 35 Cal.4th at p. 1021; *Riske v. Superior Court* (2016) 6 Cal.App.5th 647, 656.)  Because defendant did not meet the threshold issue, we see no reason to address the *Alhambra* factors.

## DISPOSITION

Let a writ of mandate issue directing the superior court to vacate its order granting respondent's discovery motion and entering an order denying the motion.  The stay ordered in this case on March 12, 2025, is dissolved.  Petitioner is DIRECTED to prepare and have the writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proofs of service on all parties.

CERTIFIED FOR PUBLICATION

MILLER
Acting P. J.

We concur:

---

[3] "The full list of seven Alhambra factors is as follows:  '(1) whether the material requested is adequately described, (2) whether the requested material is reasonably available to the governmental entity from which it is sought (and not readily available to the defendant from other sources), (3) whether production of the records containing the requested information would violate (i) third party confidentiality or privacy rights or (ii) any protected governmental interest, (4) whether the defendant has acted in a timely manner, (5) whether the time required to produce the requested information will necessitate an unreasonable delay of defendant's trial, (6) whether the production of the records containing the requested information would place an unreasonable burden on the governmental entity involved and (7) whether the defendant has shown a sufficient plausible justification for the information sought.' " (*Young*, *supra*, 79 Cal.App.5th at p. 168.)

11

CODRINGTON                    
J.

RAPHAEL                    
J.